# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIO SUAREZ HERNANDEZ, | 1:11-CV-00979 AWI BAM HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MICHAEL L. BENOV, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on June 14, 2011. Petitioner contends that he is "actually innocent" of the 20 year mandatory minimum sentence under 42 U.S.C. § 841(b)(1)(A) based on the United States Supreme Court recent decision in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S.Ct. 2577 (2010).

## JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal

1  conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. §
2  2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see
3  also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).
4      In contrast, a federal prisoner challenging the manner, location, or conditions of that
5  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
6  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d
7  175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);
8  United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476,
9  478-79 (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);
10 Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).
11     In this case, Petitioner is challenging the validity and constitutionality of his sentence
12 rather than an error in the administration of his sentence.  Therefore, the appropriate procedure
13 would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.
14     In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief
15 under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective
16 to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)
17 (quoting § 2255).  Although there is little guidance from any court on when § 2255 is an
18 inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow
19 exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is
20 insufficient to render § 2255 inadequate.);  Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a
21 petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate);
22 Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th
23 Cir.1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.
24 Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).
25     Petitioner filed a § 2255 petition in the Sacramento Division of the Eastern District of

California in case number 2:06-CV-02728 EJG which was denied on March 21, 2008.[1] Petitioner does not state that he has filed an application for leave to file a second or successive petition in the Ninth Circuit Court of Appeals and it does not appear that he has done so.

      Petitioner claims that he did not have an unobstructed opportunity to present his actual innocence claims in his § 2255 motion and he must now raise it by way of a § 2241 petition. In Carachuri-Rosendo, the Supreme Court addressed the applicability of a state's recidivist law to the aggravated felony determination in an *immigration* context. Irrespective of whether the Supreme Court's decision in Carachuri-Rosendo applies to Petitioner's case, his arguments are not persuasive. It is possible that the Ninth Circuit Court of Appeals could grant an application to file a second or successive petition under § 2255 if he were to seek permission. Therefore, Petitioner fails to demonstrate that he has not had an unobstructed opportunity to present this claim for review. Moreover, even if Petitioner had sought authorization from the Ninth Circuit based on the holding in Carachuri-Rosendo and was unsuccessful, his inability to obtain such authorization, in and of itself, would not open the section 2255 escape hatch. See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (Section 2241 jurisdiction is not available merely because the courts of appeals refused to authorize a second or successive Section 2255 motion). It appears that Petitioner's filing of the instant § 2241 petition is a transparent attempt to circumvent the requirements attached to filing a § 2255 petition.

      Furthermore, Petitioner has failed to demonstrate that his claims qualify under the savings clause of section 2255 because his claims are not proper claims of "actual innocence." In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (internal quotation marks omitted). Petitioner bears the burden of proof on this issue by a preponderance of the

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, this Court may take judicial notice of filings in another case. See Biggs v. Terhune, 334 F.3d 910, 916 n.3 (9th Cir. 2003) (materials from a proceeding in another tribunal are appropriate for judicial notice); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (noting that a court may take judicial notice of "matters of public record"); United States v. Camp, 723 F.2d 74`, 744 n.1 (9th Cir. 1984) (citing examples of judicially noticed public records).

evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954.

In this case, Petitioner does not assert that he is factually innocent of the crime for which he was convicted. Rather, he claims that, for sentencing purposes, he does not have the requisite qualifying prior conviction under California law which subjected him to mandatory enhancement. Under the savings clause, however, Petitioner must demonstrate that he is factually innocent of the crime for which he has been convicted, not the sentence imposed. See Ivy v. Pontesso, 328 F.3d, 1057 1060 (9th Cir. 2003); Lorentsen, 223 F.3d at 954 (to establish jurisdiction under Section 2241, petitioner must allege that he is "'actually innocent' of the crime of conviction.") Based on the foregoing, the Court finds that Petitioner has not demonstrated Section 2255 constitutes an "inadequate or ineffective" remedy for raising his claims. Accordingly, Section 2241 is not the proper avenue for raising Petitioner's claims, and the petition should be dismissed for lack of jurisdiction.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be DISMISSED; and

2. The Clerk of Court be directed to enter judgment, terminating this action.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153.

IT IS SO ORDERED.

Dated:   **October 25, 2011**              /s/ **Barbara A. McAuliffe**
                                        UNITED STATES MAGISTRATE JUDGE