# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCTAVIO SUAREZ HERNANDEZ, | 1:11-CV-00979 AWI BAM HC<br>Appeal No. 12-17689 |
| Petitioner, | |
| v. | ORDER DECLINING ISSUANCE OF<br>CERTIFICATE OF APPEALABILITY |
| MICHAEL L. BENOV, Warden, | ORDER DIRECTING CLERK OF COURT<br>TO SERVE COPY OF ORDER ON NINTH |
| Respondent. | CIRCUIT COURT OF APPEALS |

Petitioner is a federal prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On November 7, 2012, this Court issued an order dismissing the petition with prejudice. Petitioner filed a notice of appeal and the appeal was processed to the Ninth Circuit Court of Appeals. On December 10, 2012, the Ninth Circuit remanded the case to this Court for the limited purpose of granting or denying a certificate of appealability, since Petitioner challenges his conviction. See Porter v. Adams, 244 F.3d 1006 (9th Cir.2001).

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

   (b) There shall be no right of appeal from a final order in a proceeding to test the

validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Reasonable jurists would not find this court has jurisdiction under 28 U.S.C. § 2241.   Petitioner does not meet the requirements of the 28 U.S.C. § 2255's "escape hatch".   Petitioner has not shown that he is "factually innocent" of his conviction because Petitioner's claims concern potential sentencing errors.

Accordingly, the Court hereby DECLINES to issue a certificate of appealability. The Clerk of Court is DIRECTED to serve a copy of this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:    December 18, 2012

UNITED STATES DISTRICT JUDGE